IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE MAE PIPER,<br><br>           Plaintiff,<br><br>  vs.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,[1]<br><br>           Defendant. | Civil Action No.  2:18-93 |

AMBROSE, Senior District Judge

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 9 and 11]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 10 and 12]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion [ECF No. 11] is denied and Plaintiff's Motion [ECF No. 9] is granted.

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Plaintiff applied for SSI on or about

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

1

December 20, 2013. [ECF No. 7-7 (Ex. B1D)]. In her application, she alleged that she was disabled due to osteoarthritis, left knee impairment, carpal tunnel syndrome, depression, anxiety, and right foot impairment, and that she had been unable to work since August 1, 2013. [ECF No. 7-8 (Ex. B2E)]. Administrative Law Judge ("ALJ") Christian Bareford held a hearing on June 16, 2016, at which Plaintiff was represented by counsel. [ECF No. 7-3, at 48-79]. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 73-76. In a decision dated October 12, 2016, the ALJ found that Plaintiff could perform her past relevant work as a housekeeper, and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 7-2, at 32-41]. On, November 20, 2017, the Appeals Council denied Plaintiff's request for review. Id. at 1-5. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 9 and 11]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails

to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." Id. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in

light of her age, education, work experience and residual functional capacity.  20 C.F.R. § 416.920.  The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to his previous employment (steps 1-4).  Dobrowolsky, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

### B. Listing 12.05 – Intellectual Disability

At step two of the analysis, the ALJ found that Plaintiff had severe impairments, including osteoarthritis, borderline intellectual functioning, and depression.  [ECF No. 7-2, at 34].  At step three of the analysis, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id. at 35-36.  In particular, the ALJ found that Plaintiff's osteoarthritis did not meet any of the listings set forth at 1.02A or 1.03; and that Plaintiff's mental impairments did not meet or medically equal the criteria of Listings 12.02 (organic mental disorders) and 12.04 (affective disorders).  Id.  The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform light work, except that she is limited to simple and routine tasks.  Id. at 36-40.  The ALJ ultimately concluded that Plaintiff was able to perform her past relevant work as a housekeeper, and, therefore, that she was not disabled.  Id. at 40-41.

Plaintiff argues that the ALJ erred in determining that Plaintiff's borderline intellectual functioning was a severe impairment, but then failing to analyze that impairment under Listing

12.05 at step 3 of the analysis. [ECF No. 10 at 15-16]. After careful consideration, I agree that remand is necessary on this issue.

In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1. Jesurum v. Sec'y of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. Burnett v. Comm'r, 220 F.3d 112, 119 (3d Cir. 2000). The Court of Appeals for the Third Circuit has held that:

> Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceedings which are "inquisitorial rather than adversarial" and in which "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."

Burnett, 220 F.3d at 120, n.2 (quoting Sims v. Apfel, 530 U.S. 103 (2000)). Further, the ALJ must provide an explanation of his reasoning at step three in order for courts to engage in meaningful judicial review. See Burnett, 220 F.3d at 119-20 (holding that an ALJ's bare conclusory statement that an impairment did not match, or was not equivalent to, a listed impairment was insufficient). Subsequent decisions have clarified, however, that the ALJ's failure to cite a specific Listing at step three is not fatal provided that the ALJ's development of the record and explanation of findings permit meaningful review of the step-three conclusion. See Jones v. Barnhart, 364 F.3d 501, 503-05 (3d Cir. 2004); Lopez v. Comm'r of Soc. Sec., 270 F. App'x 119, 121-22 (3d Cir. 2008).

In this case, Plaintiff argues that the ALJ failed to evaluate appropriately whether she had a condition that met or equaled Listing 12.05C. See 20 C.F.R. pt. 404, subpt. P, app.1 § 12.05. The applicable version of Listing 12.05 – Intellectual Disability provides, in relevant part:

5

> Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> ….
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;

20 C.F.R. pt. 404, subpt. P, app.1 § 12.05 (2016). As the above language indicates, an impairment meets this Listing when the requirements of both the introductory paragraph and paragraphs A, B, C *or* D of the Listing are satisfied. See id.; see also id. § 12.00A (stating in reference to Listing 12.05 that "[i]f your impairment satisfies the diagnostic description in the introductory paragraph *and* any one of the four sets of criteria, we will find that your impairment meets the listing" (emphasis added)); Cortes v. Comm'r of Soc. Sec., 255 F. App'x 646, 651 (3d Cir. 2007); Gist v. Barnhart, 67 F. App'x 78, 81 (3d Cir. 2003).

Here, there is evidence that Plaintiff met the first prong of 12.05C, a valid, verbal, performance, or full-scale IQ of 60-70. Specifically, intellectual testing completed by state agency consultant, T. David Newman, Ph.D., in June 2014 showed, inter alia, that Plaintiff had a full-scale IQ score of 70 and a verbal comprehension index of 66. [ECF No. 7-12 (Ex. B11F)]. The record also supports that Plaintiff met the second prong of 12.05C. Applicable case law holds that a finding of an additional "severe impairment" as defined in 20 C.F.R. § 416.920(c), establishes "a physical or other mental impairment imposing an additional and significant work-related limitation of function" within the meaning of Listing 12.05C. Gist, 67 F. App'x at 82 n.2; Markle v. Barnhart, 324 F.3d 182, 188 (3d Cir. 2003). In step two, the ALJ found two severe

impairments, osteoarthritis and depression, in addition to borderline intellectual functioning. [ECF No. 7-2, at 34]. Plaintiff also points to record evidence that arguably could demonstrate the onset of her impairment before age 22 as required by the introductory paragraph. For example, Dr. Newman's testing indicated she reads at a second-grade level; she dropped out of school in seventh grade at age 15; her sister indicated that she had problems with comprehension while in school; and there is no evidence of a traumatic brain injury or any other event pointing to a decline in her intellectual functioning over time. See ECF No. 10, at 15 n.4; Exs. B7F, B11F.

Because it is undisputed that the ALJ did not expressly address Listing 12.05 or intellectual disability in his step three analysis, the issue is whether his decision, read as a whole, nevertheless illustrates that he considered the appropriate factors in reaching his conclusion that Plaintiff did not meet the requirements of any listing, including Listing 12.05. After careful consideration, I find that it does not. As an initial matter, although the failure to cite a specific listing is not dispositive, the fact that the ALJ explicitly cited and discussed the listings relevant to Plaintiff's osteoarthritis and Listings 12.02 and 12.04 related to her mental impairments lends credence to Plaintiff's argument that the ALJ never contemplated listing 12.05 in connection with her borderline intellectual functioning, either at step three or elsewhere in his analysis. Indeed, nothing in the ALJ's decision, read as a whole, suggests that the ALJ addressed any of the pertinent 12.05 factors. For example, although the ALJ discusses Plaintiff's IQ scores in other contexts, those analyses (Listings 12.02, 12.04, and the RFC analysis) are not analogous to the 12.05C requirements. Moreover, the ALJ's opinion never challenges Plaintiff's IQ scores as invalid. Thus, nothing in the opinion casts doubts on the scores' validity as applied to 12.05C. Likewise, the opinion never mentions, let alone discusses, "deficits in adaptive functioning" or whether Plaintiff's impairment manifested itself prior to age 22. Although the evidence in no way

7

requires a finding that Plaintiff's borderline intellectual functioning satisfied the requirements of Listing 12.05C, the ALJ's failure to discuss Plaintiff's impairment in the context of this listing precludes meaningful judicial review and requires remand on this issue.

Defendant's arguments to the contrary are unpersuasive. Defendant's primary argument is that, viewing the ALJ's decision as a whole, Plaintiff "has not, and cannot," demonstrate that she has the requisite deficits in adaptive functioning to satisfy Listing 12.05's introductory language. [ECF No. 12, at 12-16].[2] Defendant proceeds to identify other findings throughout the ALJ's decision that she contends show that Plaintiff cannot meet the "deficits in adaptive functioning" prong. See id. The sections of the opinion to which Defendant cites, however, relate to the ALJ's analysis of Plaintiff's RFC and of the severity of Plaintiff's mental impairments under the B criteria of Listings 12.02 and 12.04. Without speculating, there is no way I can garner from the decision that the ALJ intended to address the criteria applicable to Listing 12.05C, and Defendant has not satisfactorily explained how the analyses would be analogous to the 12.05 requirements. See, e.g., Yurek v. Colvin, Civil Action No. 1:13-cv-1571, 2014 WL 4078592, at *10 (M.D. Pa. Aug. 18, 2014) (rejecting a similar argument by the Commissioner). Because the ALJ did not conduct the requisite analysis either explicitly or implicitly, and, thus, did not rely on the reasoning urged by Defendant, it is improper for me to consider such arguments here. See Fargnoli v. Massanari, 247 F.3d 34, 44 n.7 (3d Cir. 2001) (confirming that the review of an administrative order must be judged on those bases set forth and disclosed in that order; to consider *post hoc* rationalizations not listed by the ALJ runs contrary to law).

---

[2] Defendant concedes that Plaintiff has a full-scale IQ score of 70 and that the ALJ found she had other severe physical or mental impairments. [ECF No. 12, at 14].

In short, although the ALJ's step three analysis considered whether Plaintiff's mental impairments met the criteria of Listings 12.02 and 12.04, the ALJ never mentioned or discussed Listing 12.05 despite finding Plaintiff's borderline intellectual functioning to be a severe impairment. This omission is especially glaring in light of the fact that the ALJ clearly was aware of Plaintiff's IQ scores and even discussed those scores in evaluating the "B" criteria of Listings 12.02 and 12.04 as well as in his RFC analysis. [ECF No. 7-2 at 35, 38-39]. The ALJ's failure to discuss Listing 12.05 when Plaintiff's intellectual functioning is at issue prohibits me in this case from conducting a proper and meaningful review. Consequently, remand is warranted for a full and proper analysis of Listing 12.05.

### C. RFC Finding – Past Relevant Work

Plaintiff disagrees with the ALJ's finding that she retained the RFC to perform her past job as a housekeeper. [ECF No. 7-2, at 36-41]. Primarily, Plaintiff contends that the ALJ erred in giving great weight to the opinion of state agency consultant, Dr. Rosenberg, while ignoring Dr. Rosenberg's finding that Plaintiff requires the use of a cane to ambulate. [ECF No. 10, at 17-20 (citing Ex. B10F at 426)]. Although, in the medical source statement to which Plaintiff cites, Dr. Rosenberg appears to have checked a box indicating Plaintiff requires a cane, Defendant cites significant contrary evidence, including indications elsewhere in Dr. Rosenberg's own report and medical source statement that Plaintiff does not need a cane; as well as Plaintiff's own testimony and reports that she has never required the use of a cane. See ECF No. 12, at 18 and Exhibits cited therein. Because whether or not Plaintiff requires a cane may affect her ability to perform her past work as a housekeeper, the ALJ on remand should clarify his findings as to Dr. Rosenberg's opinion as well as Plaintiff's use of a cane. If the ALJ finds that Plaintiff requires

the use of a cane, he also must re-evaluate whether she can perform her past work as a housekeeper and/or other work that exists in the economy.[3]

### III. CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial evidence because, in discussing the Listings, the ALJ failed to adequately address Listing 12.05 as set forth more fully herein. The case therefore is remanded for further consideration in light of this Opinion. In remanding on the points herein, I make no findings as to whether Plaintiff is or is not disabled. I simply find that I cannot properly evaluate the ALJ's opinion on the record before me. For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied. An appropriate Order follows.

---

[3] Plaintiff also argues that the ALJ erred in evaluating the opinion evidence from state agency consultant, Chantal Deines, as to Plaintiff's mental health impairments. [ECF No. 10, at 19-20]. Because I am already remanding this case for further proceedings, it is unnecessary to address Plaintiff's contentions in this regard. If such deficiencies exist, the ALJ will address them on remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENISE MAE PIPER,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

    Defendant.

Civil Action No. 2:18-93

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 13th day of March, 2019, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 9] is GRANTED to the extent that Plaintiff seeks remand for further consideration, and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment [ECF No. 11] is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).